UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.:

JORGE RODRIGUEZ and other similarly situated individuals,

    Plaintiff(s),

v.

MAU MIAMI LLC,

    Defendants.

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiff JORGE RODRIGUEZ (the "Plaintiff") and other similarly situated individuals sue defendants MAU MIAMI LLC ("Defendants") and allege:

### *I.     JURISDICTION*

This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

### *II.    VENUE*

1. The Defendant is a corporation duly authorized and existing under the laws of the State of Florida and conducting business in Miami Dade County, Florida.

2. The Plaintiff is a resident of Miami Dade County, Florida, within the jurisdiction of this Honorable Court. The Plaintiff is a covered employee for purposes of the Act.

3. MAU MIAMI LLC (the "Corporate Defendant") is a Florida limited liability company, having their main place of business in Miami Dade County, Florida, where Plaintiff worked for the Defendant, and at all times material hereto were and are engaged in interstate commerce.

4. The acts or omissions giving rise to this Complaint occurred in whole or in part in Miami, Florida.

5. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred within this judicial district and because the Defendant has its principal place of business within the district, resides in the judicial district and because the employment records of the Plaintiff are stored or have been administered, in Miami, Florida.

### III. GENERAL ALLEGATIONS COMMON TO ALL COUNTS

6. At all times material, the Plaintiff was employed by the Defendant as cook from August 6, 2023, until his wrongful termination on October 16, 2023.

7. Throughout his employment, Mr. Rodriguez worked approximately 43 hours per week, but MAU MIAMI failed to compensate him at 1.5 times his hourly rate for all overtime worked. In addition, he was not paid for 4 weeks of his employment. This is illegal.

8. All conditions precedent to bringing this action have occurred, been performed or been excused.

9. The Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

## IV.   COUNTS

### COUNT I: UNPAID OVERTIME (CORPORATE DEFENDANT) – FLSA

10. The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-4 above as if set out in full herein.

11. The Plaintiff is a covered employee for purposes of the Act.

12. This action is brought by the Plaintiff and those similarly situated to recover from the Corporate Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. Section 207(a)(1) of the Act states: "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

13. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce.

14. At all times pertinent to this Complaint, the Corporate Defendant operated as an organization which sold and/or marketed its services and/or goods to customers from throughout the United States and also provided its services for goods sold and transported from across state

lines of other states, and the Corporate Defendant obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce, particularly with respect to its employees.

15. Upon information and belief, the annual gross revenue of the Corporate Defendant was at all times material hereto in excess of $500,000 per annum, and/or the Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

16. By reason of the foregoing, the Corporate Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act and/or the Plaintiff and those similarly situated was/were and/or is/are engaged in interstate commerce for the Corporate Defendant. The Corporate Defendant's business activities involve those to which the Act applies. The Corporate Defendant is a Modern Bohemian Mediterranean Fusion Restaurant that offers entertainment such as music shows and dancing and through its business activity, affects interstate commerce. The Plaintiff's work for the Corporate Defendant likewise affects interstate commerce. Plaintiff was employed by the Corporate Defendant as a cook for the Corporate Defendant's business.

17. While employed by the Corporate Defendant, the Plaintiff worked approximately an average of 43 hours per week without being compensated at the rate of not less than one- and one-half times the regular rate at which he was employed. The Plaintiff was employed as a cook performing the same or similar duties as that of those other similarly situated cooks whom the Plaintiff observed working in excess of 40 hours per week without overtime compensation.

18.     The Plaintiff worked for the Corporate Defendant from approximately August 6, 2023 to October 16, 2023. In total, the Plaintiff worked approximately 4 compensable weeks under the Act, or 4 compensable weeks if counted 3 years back from the filing of the instant action.

19.     The Corporate Defendant paid the Plaintiff on average approximately $18.00 per hour.

20.     However, the Corporate Defendant did not properly compensate the Plaintiff for hours that the Plaintiff worked in excess of 40 per week.

21.     The Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

22.     Prior to the completion of discovery and to the best of the Plaintiff's knowledge, at the time of the filing of this Complaint, the Plaintiff's good faith estimate of his unpaid overtime wages is as follows:

   a. Actual Damages: $270.00

   Calculation: Unpaid overtime:

   $18 (hourly rate) x(1.5 = $27 - $18 = $9) $9 (unpaid overtime rate) X 3 hours (overtime weekly hours) x 10 (compensable weeks) x 2 (liquidated damages) = $540.00

   b. Liquidated Damages: $270.00

   c. Total Damages: $540.00 plus reasonable attorneys' fees and costs of suit.

23.     At all times material hereto, the Corporate Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that the Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act, but no provision was made by the Corporate Defendant to properly pay them at the rate of

time-and-one-half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendant who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendant and were not paid time-and-one-half of their regular rate of pay for all overtime hours worked in excess of forty.

24. The Corporate Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing the Plaintiff and those similarly situated these overtime wages since the commencement of the Plaintiff's and those similarly situated employees' employment with the Corporate Defendant as set forth above, and the Plaintiff and those similarly situated are entitled to recover double damages. The Corporate Defendant never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

25. The Corporate Defendant willfully and intentionally refused to pay the Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing the Plaintiff these overtime wages since the commencement of the Plaintiff's employment with the Corporate Defendant as set forth above.

26. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, the Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for the Plaintiff and others similarly situated and against the Corporate Defendant on the basis of the Corporate Defendant's willful violations of the Fair Labor

Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award the Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award the Plaintiff an equal amount in double damages/liquidated damages; and

D. Award the Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

### COUNT II: UNPAID MINIMUM WAGES (CORPORATE DEFENDANT) – FLSA

27. The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-4 above as if set out in full herein.

28. The Plaintiff is a covered employee for purposes of the Act.

29. The Act is interpreted in accordance with the Fair Labor Standards Act (the "FLSA") and federal regulations and case law implementing the FLSA.

30. This action is brought by the Plaintiff and those similarly situated to recover from the Corporate Defendant unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of the Act.

31. Section 206(a)(1) of the FLSA states: "[A]n employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce . . . ." On July 24, 2007, the Federal minimum wage was raised to $5.85/hr. On July 24, 2008, the Federal minimum wage was raised to $6.55/hr. On July 24, 2009, the Federal minimum wage was raised to $7.25/hr.

32. The FLSA provides minimum standards that may be exceeded, but cannot be waived or reduced. Employers must comply, for example, with any Federal, State or municipal

laws, regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the FLSA. 29 C.F.R. § 541.4.

33. In Florida, the minimum wage in 2017 was $8.10 per hour; in 2018 the minimum wage was $8.25 per hour; in 2019 the minimum wage was $8.46 per hour; in 2020 the minimum wage was $8.56 per hour; and between January 1, 2021, and September 29, 2021, the minimum wage was $8.65 per hour. As of September 30, 2021, the Florida minimum wage has been $10.00 per hour, and on September 30, 2022, it will increase to $11.00 per hour, with annual $1.00 increases until the rate of $15.00 is reached on September 30, 2026.

34. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).

35. The Corporate Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Corporate Defendant operated as an organization which sold and/or marketed its services and/or goods to customers from throughout the United States and also provided its services for goods sold and transported from across state lines of other states, and the Corporate Defendant obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Corporate Defendant was at all times material hereto in excess of $500,000 per annum, and/or the Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the FLSA's and therefore the Act's requirements. Fla. Stat. § 448.110(3).

36. By reason of the foregoing, the Corporate Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA and/or the Plaintiff and those similarly situated was/were and/or is/are engaged in interstate commerce for the Corporate Defendant. The Corporate Defendant's business activities involve those to which the FLSA applies. The Corporate Defendant is a Modern Bohemian Mediterranean Fusion Restaurant that offers entertainment such as music shows and dancing and through its business activity, affects interstate commerce. The Plaintiff's work for the Corporate Defendant likewise affects interstate commerce. The Plaintiff was employed by the Corporate Defendant as a cook for the Corporate Defendant's business.

37. While employed by the Corporate Defendant, the Plaintiff worked approximately an average of 4 weeks without being compensated at the mandatory minimum wage in Florida.

38. The Plaintiff worked for the Corporate Defendant from approximately August 6, 2023 to October 16, 2023. In total, the Plaintiff worked approximately 4 compensable weeks under the Act, or 4 compensable weeks if counted 5 years back from the filing of the instant action. Fla. Stat. § 95.11(2)(d).

39. The Corporate Defendant paid the Plaintiff on average approximately $18.00 per hour.

40. However, the Corporate Defendant did not pay the Plaintiff his full minimum wage for all hours the Plaintiff worked for the Corporate Defendant.

41. The Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 5 (five) years back from the date of the filing of this Complaint.

42. Prior to the completion of discovery and to the best of the Plaintiff's knowledge, at the time of the filing of this Complaint, the Plaintiff's good faith estimate of his unpaid minimum wages is as follows:

Actual Damages: $2,880.00

<u>Calculation</u>: <u>Unpaid wages</u>:

$18 (hourly rate) x 40 hours (weekly hours) x 4 (compensable weeks) x 2 (liquidated damages) = $5,760.00

Liquidated Damages: $2,880.00

Total Damages: $5,760.00 plus reasonable attorneys' fees and costs of suit.

43. At all times material hereto, the Corporate Defendant failed to comply with the Act in that the Plaintiff performed services and worked for the Corporate Defendant but no provision was made by the Corporate Defendant to properly pay the Plaintiff at the prevailing minimum wage.

44. The Corporate Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages and remains owing the Plaintiff these minimum wages since the commencement of the Plaintiff's employment with the Corporate Defendant as set forth above, and the Plaintiff is entitled to recover double damages.

45. The Corporate Defendant willfully and intentionally refused to pay the Plaintiff all of his full minimum wages as required by the laws of Florida as set forth above and remains owing the Plaintiff these minimum wages since the commencement of the Plaintiff's employment with the Corporate Defendant as set forth above.

46. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, the Plaintiff and those similarly situated request that this Honorable Court:

A.  Enter judgment for the Plaintiff and others similarly situated and against the Corporate Defendant on the basis of the Corporate Defendant's willful violations of Fla. Stat. § 448.110 and the Florida Constitution; and

B.  Award the Plaintiff actual damages in the amount shown to be due for unpaid minimum wages; and

C.  Award the Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award the Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just.

## JURY TRIAL DEMAND

The Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

Dated: February 21, 2024

Respectfully submitted,

By: */s/ Julisse Jimenez*
Julisse Jimenez, Esquire
Fla. Bar No.: 65387
Email: julisse@legalopinionusa.com

THE SAENZ LAW FIRM, PA
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 482-1475
*Trial Counsel for Plaintiff*